**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timmy Thompson, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>SunTrust Mortgage, Inc., a corporation; James Little and Jane Doe Little, his wife; Ken Meade Realty, an Arizona business entity; Black Corporation I-X; John Doe I-X and Jane Doe I-X, their spouses,<br><br>Defendants. | No. CV11-0284-PHX-DGC<br><br>**ORDER** |

Defendant Ken Meade Realty, a licensed real estate brokerage, and Defendant James Little, a licensed real estate salesperson affiliated with Ken Meade Realty (collectively "KMR"), move to dismiss Plaintiff pro se Timmy Thompson's complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 8. Defendant SunTrust Mortgage, Inc. ("SunTrust") also moves separately to dismiss the complaint under Rules 8(a) and 12(b)(6). Doc. 7. Plaintiff has responded to each motion (Docs. 13, 14) and Defendants have filed replies (Docs. 15, 16). The motions are fully briefed. Docs. 7, 8, 13-16. The Court will grant the KMR motion, grant in part the SunTrust motion, and remand this case to state court.[1]

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.     Background.**

This action was commenced in Arizona Superior Court for Maricopa County. Doc. 1-1 at 6. The case was removed to this Court on the basis of federal-question jurisdiction as a result of alleged violations of federal law, and supplemental jurisdiction was asserted over the state law claims. Doc. 1 at 2. Plaintiff did not contest the removal. The complaint alleges the following facts, and the complaint will be construed liberally in light of Plaintiff's pro se status, *see Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). In April 2010, Plaintiff hired KMR to arrange for a short sale of the property owned by Plaintiff and his wife. Doc. 1-1 ¶ 17. The property was subject to a note and deed of trust in favor of SunTrust. *Id.* at ¶ 8. KMR arranged for a short sale of the property to a third party, and SunTrust ratified the third party's purchase offer on August 6, 2010. *Id.* at ¶ 18. Plaintiff directed KMR to obtain an extension of two weeks on the short sale closing date in light of his wife's illness. *Id.* at ¶ 22. Sadly, Plaintiff's wife died on August 9, 2010, approximately three weeks prior to the short sale closing date. *Id.* at ¶ 20. On August 22, 2010, Plaintiff terminated his listing contract with KMR for cause (*id.* at ¶ 27), and the sale did not close (*id.* at ¶ 28). Plaintiff decided not to sell the property after his wife's death, in part because "the property contained many fond memories of his wife." *Id.* at ¶ 29.

Plaintiff hired a third party and commenced a mortgage modification under the Home Affordable Mortgage Program ("HAMP") with SunTrust. Doc. 1-1 ¶ 30. On September 30, 2010, Plaintiff learned that someone other than him or the modification company called SunTrust and cancelled the modification stating there was a buyer for the property and the modification should be stopped. *Id.* at ¶ 31. Plaintiff protested the cancellation, notified SunTrust that there was no buyer, and indicated that he did not want to sell the property. *Id.* at 33. SunTrust nonetheless declined to process a modification, and the property was sold at foreclosure sale on October 18, 2010. *Id.* at ¶¶ 33, 34, 39. Plaintiff filed this action on January 14, 2010. *Id.* at 6.

The complaint asserts five counts: (1) declaratory judgment that the trustee sale violates HAMP and is therefore void against SunTrust; (2) breach of contract – breach of the covenant of good faith and fair dealing against SunTrust; (3) breach of contract – breach of the covenant of good faith and fair dealing against KMR; (4) an injunction barring SunTrust from evicting Plaintiff; and (5) wrongful foreclosure against SunTrust. Doc 1-1 at 11-15.

**II.  Legal Standard.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

"In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. . . . The focus of any Rule 12(b)(6) dismissal . . . is the complaint.*" *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (internal citations omitted; emphasis in original). A court should

apply less stringent pleading standards to pro se plaintiffs, such that inartful pleadings are still considered by the court. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

**III. Motion to Dismiss Case by KMR.**

KMR moves to dismiss the claims on three grounds: (1) a breach of contract does not lie in a contract for professional services where a defendant did not breach an express provision in a contract; (2) the claim for breach of the covenant of good faith and fair dealing has not been adequately pled; and (3) Plaintiff's breach of fiduciary duty has not been adequately pled. Doc. 8 at 4-9. KMR also argues that Plaintiff has failed to establish that he is entitled to punitive damages. *Id.* at 10. In response, Plaintiff argues that: (1) by alleging a breach of the covenant of good faith and fair dealing he has pled a tort; (2) his claim has been adequately pled; (3) a jury could conclude KMR breached its fiduciary duty; and (4) KMR's actions warrant punitive damages. Doc. 13 at 4-6. In addressing these issues, the Court will discuss only the arguments it found relevant and grounded in a colorable interpretation of the law.

The caption of the third cause of action is entitled "Breach of Contract -- Violation of Covenant of Good Faith and Fair Dealing -- Claim against LITTLE defendants." Doc. 1-1 at 13. Under liberal pleading standards afforded to pro se plaintiffs, the caption can be interpreted as asserting a claim for breach of contract and a claim for violation of the covenant of good faith and fair dealing. Moreover, the body of the third claim is consistent with a disjunctive interpretation, and therefore the Court will treat the complaint as pleading both claims. The Court also finds, however, that Plaintiff's third cause of action does not plead breach of fiduciary duty as a freestanding claim. Because a response to a motion to dismiss is not the proper vehicle for alleging new claims, *see* LRCiv. 15.1, the Court will disregard the unpled claim for breach of fiduciary duty.

**A. Breach of the Covenant of Good Faith and Fair Dealing.**

Arizona law implies a covenant of good faith and fair dealing in every contract,

and the "duty arises by virtue of a contractual relationship." *Rawlings v. Apodaca,* 726 P.2d 565, 569 (Ariz. 1986) (citations omitted). "The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id.*

The complaint alleges in part that the contract between Plaintiff and KMR was for "carrying out the conclusion of a short sale," and that KMR "did not seek an extension for the closing time for the short sale, . . . acted outrageously in seeking signatures from plaintiff's terminally ill wife while she was in the hospital, and . . . cancel[ed] plaintiff's participation in the loan modification under HAMP to enable the short sale to conclude." Doc. 1-1 at 14. KMR argues that this claim should be dismissed because Plaintiff has "not alleged any facts demonstrating how that duty was breached sufficient to put [KMR] on notice of his claim against them." Doc. 8 at 8:14-16.[2]

The covenant of good faith and fair dealing does not entitle either party to rights excluded by the contract, "nor to protection in excess of that which is provided for in the contract[.]" *Rawlings*, 726 P.2d at 571. Plaintiff's complaint alleges only that the contract involved "the carrying out of the conclusion of a short sale." Doc. 1-1 ¶ 55. Although Plaintiff claims that KMR failed to seek an extension of the short sale, he does not identify the original closing date or explain how failure to seek an extension of the date constituted a breach of the contract or the covenant. More importantly, Plaintiff alleges that he decided not to complete the short sale after his wife's death. *Id.* at ¶ 29. If Plaintiff elected not to complete the short sale, it is difficult to understand how KMR's failure to extend the date for the short sale caused Plaintiff injury. Moreover, Plaintiff does not explain how KMR's alleged attempt to obtain signatures from his wife in the hospital deprived him of the benefit of the contract.

The Court concludes that Plaintiff has not alleged sufficient facts to plead a claim

---

[2] KMR also argues that it did not breach the covenant (*id.* at 8:17-18), but to the extent KMR disputes the factual allegations in the complaint, such factual disputes are not a proper basis for a Rule 12(b)(6) dismissal. *Cousins*, 568 F.3d at 1067.

for breach of the covenant of good faith and fair dealing against KMR. This claim will therefore be dismissed.[3]

### B. Breach of Contract.

The complaint alleges in part that the contract was for "carrying out the conclusion of a short sale," and that KMR "did not seek an extension for the closing time for the short sale, . . . acted outrageously in seeking signatures from plaintiff's terminally ill wife while she was in the hospital, and . . . cancel[ed] plaintiff's participation in the loan modification under HAMP to enable the short sale to conclude." Doc. 1-1 at 14. Although these allegations are insufficient for a breach of the covenant of good faith, the question remains whether they adequately allege a claim for breach of contract.

The Arizona law on contracts between professionals and their clients states that an action can sound in contract only if there is a breach of a specific promise in the contract. *Collins v. Miller & Miller, Ltd.*, 943 P.2d 747, 755 (Ariz. Ct. App. 1996). In *Collins*, the court held that breach of a professional contract "cannot be maintained if the contract merely requires generally that the professional render services. Only if there is a specific promise contained in the contract can the action sound in contract, and then only to the extent the claim is premised on the nonperformance of that promise." *Collins,* 943 P.2d at 755. Plaintiff does not appear to dispute that the contract in this case was for professional services.

Plaintiff's complaint fails to allege any specific provision in the contract that was breached. The breach of contract claim therefore will be dismissed.

### C. Remaining Issues.

Given that Plaintiff's claims against KMR have been dismissed, his request for punitive damages must also be dismissed. *See Saucedo v. Sinaloa*, 24 P.3d 1274, 1277 ¶ 11 (Ariz. Ct. App. 2001).

---

[3] In light of the above, the Court has no need to address the issue of whether Plaintiff's alleged breach of the covenant sounds in tort or in contract.

- 6 -

Plaintiff requests leave to amend. Doc. 13 at 1. Because the Court is remanding this case, the Court will leave it to the state court to address Plaintiff's request for leave to amend. The Court notes, for the benefit of this pro se Plaintiff, that a motion for leave to amend under Rule 15 of the Arizona Rules of Civil Procedure may need to be filed once this case is returned to state court.

KMR requests attorney fees under Rule 11, A.R.S. § 12-341.01, and A.R.S. § 12-349. Doc. 8 at 10-11. Because the claims against KMR have not been dismissed with prejudice, the Court cannot conclude that KMR is entitled to fees under any of these provisions and will therefore deny the request without prejudice.

## IV. Motion to Dismiss by SunTrust.

SunTrust moves to dismiss the claims against it on five grounds: (1) all claims raised against SunTrust are related to the property and are therefore barred pursuant to A.R.S. § 33-811(C); (2) any action emanating from the Emergency Economic Stabilization Act of 2008 ("EESA"), 12 U.S.C. § 5201 *et seq*., must fail as a matter of law because no private cause of action exists under those statutes; (3) the claim for breach of the covenant of good faith and fair dealing has not been adequately pled; (4) the wrongful foreclosure claim has not been adequately pled, and (5) Arizona does not recognize a cause of action for wrongful foreclosure. Doc. 7 at 4-12. In response, Plaintiff argues that: (1) he needs no private right of action under HAMP to sue because he has stated a cause of action under the original note and deed of trust as modified by Congress; (2) § 33-811(C) is not applicable because it is preempted by federal law; (3) the contracts involved in the breach of covenant claim are the original note and deed of trust, and the alleged contract between Plaintiff and SunTrust which required SunTrust to offer Plaintiff mortgage modification consideration; and (4) Arizona has recognized a claim for wrongful foreclosure. Doc. 14 at 4-9.

### A. Discussion of EESA-related Arguments.

Claims 1, 2, and 4 of the complaint appear to allege in part a violation of HAMP.

*See* Doc. 1-1 ¶ 45 (stating under Claim 1: "The sale was held in violation of federal law, specifically HAMP because the property had been referred to foreclosure sale while plaintiff was in that program all in violation of Department of Treasury, Supplemental Directive, 10-04 (May 11, 2010)[.]"); ¶ 50 (stating under Claim 2: "The commencement of this foreclosure and forfeiture process while plaintiff was under consideration for mortgage modification was and is a violation of TARP, HAMP, and the covenant of good faith and fair dealing[.]"); ¶ 62 (stating under Claim 4: "By reason of the above breaches of both the mortgage contract and modification contract, and the failure to follow state law and HAMP, the trustee's sale as held, materially injured plaintiff with the loss of his property.").

SunTrust argues that Plaintiff's claims emanate from alleged violation of the EESA, and as such should be dismissed because no private right of action exists under the EESA or its HAMP and TARP programs. Doc. 7 at 5:17-21. Plaintiff does not contest this assertion, and district courts in Arizona have held that no private right of action exists under HAMP. *E.g.*, *Marks v. Bank of Am. N.A.*, No. 03:10-CV-08039-PHX-JAT, 2010 WL 2572988, at *6-7 (D. Ariz. June 22, 2010); *Puzz v. Chase Home Fin., LLC*, 763 F. Supp. 2d 1116, 1123 (D. Ariz. 2011); *Schwartz v. Chase Home Fin., LLC*, CV 10-2120-PHX-FJM, 2010 WL 5151326, at *1 (D. Ariz. Dec. 13, 2010); *Sheriff v. Deutsche Bank Nat. Trust Co.*, CV-10-1328-PHX-JAT, 2011 WL 1496152, at *3 (D. Ariz. Apr. 20, 2011). Accordingly, to the extent the complaint attempts to assert a violation of the EESA, such claims will be dismissed.

Plaintiff also argues that regardless of whether violations of the EESA can serve as a basis for a civil claim, he has asserted a cause of action under the original note and deed of trust and Congress has amended them by passing the EESA. Doc. 14 at 4. Plaintiff does not appear to argue that the text of the note and deed of trust was actually amended, but rather that Congress implied new terms in them requiring in part that lenders consider borrowers for a modification and suspend foreclosure while borrowers are being

considered. *See id.* at 5. Plaintiff does not identify the means by which Congress can amend a contract between private parties. In addition, although Plaintiff quotes from the HAMP Guidelines published by the United States Department of Treasury, the quoted language does not support an inference that Congress intended to amend the note and deed of trust by passing the EESA. At most, the quoted language states what lenders should do under the HAMP program. But this does not equate to the implying of a term in a private contract. Plaintiff offers no other statute or case law that supports his argument, and the cases he does cite are to no avail. The Court must therefore dismiss the claims for breach of the EESA-implied terms in the note and deed of trust.

### B. Alleged Violations of Federal Contract.

In addition to alleging that he has a right to sue under the original deed and trust as modified by HAMP, Plaintiff also appears to allege that SunTrust breached its contract with the federal government by failing to afford Plaintiff consideration for a mortgage modification. Paragraph 13 of the complaint alleges that SunTrust "either accepted TARP monies, or otherwise contracted with the federal government to become a mortgage lender obliged to afford mortgage borrowers such as plaintiff the right to apply for mortgage aid under HARP and HAMP." Doc. 1-1 ¶ 13. Claim 5 incorporates "[t]he matters set forth in the first, second, and fourth claims for relief," and maintains that "[t]he foreclosure and forfeiture of plaintiffs' property was and is wrongful by reason of the above." Doc. 1-1 ¶¶ 65, 66. Plaintiff does not clearly state his basis for believing he has standing to sue for breach of a contract between other parties. Although not alleged in the complaint, Plaintiff asserts in a footnote of his response that "it is . . . likely that plaintiff is a third-party beneficiary under HAMP." Doc. 14 at 5 n.1.

Plaintiff clearly cannot assert a claim for breach of SunTrust's contract with the federal government. Plaintiff is not a party to the contract. Moreover, Plaintiff cannot be a third-party beneficiary. In order for Plaintiff to recover as a third party beneficiary, the contract must reflect that the parties to the contract "intended to recognize him as the

*primary* party in interest and as privy to the promise." *Sherman v. First Am. Title Ins. Co.*, 38 P.3d 1229, 1232 (Ariz. Ct. App. 2002) (citation omitted; emphasis in original). "Not only must the benefit be intentional and direct, but the third person must be a real promissee." *Stratton v. Inspiration Consolidated Copper Co.*, 683 P.2d 327, 329 (Ariz. Ct. App. 1984). Clearly, any contract between the federal government and SunTrust to provide federal funds to SunTrust does not recognize Timmy Thompson as the primary beneficiary of the contract. As a result, Plaintiff cannot state this claim for breach of contract.[4]

## IV. Remand.

Plaintiff's federal law claims have been dismissed. With the elimination of the federal claims, the basis for this Court's jurisdiction no longer exists. *See* Doc. 1. Under the relevant statute, 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over the remaining state claims. The Supreme Court has instructed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7 (1988) (citing *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966)).

The Court concludes that this action should be remanded. Only state law claims remain. Resolution of those claims will require application of Arizona law. Arizona state courts have a greater interest and expertise in resolving state law claims and applying state court decisions. Additionally, remand will benefit the federal system by allowing this Court to devote its scarce resources to resolving federal issues.

Because the Court is remanding this case to state court, it will not address the remaining arguments made in SunTrust's motion to dismiss, but instead will leave those arguments to be decided by the state court.

---

[4] In light of the Court's ruling on this claim, it need not address the issue of whether Plaintiff's claims are waived pursuant to A.R.S. § 33-811(C).

**IT IS ORDERED:**

1. Defendant SunTrust's motion to dismiss (Doc. 7) is **granted in part**.
2. KMR Defendants' motion to dismiss (Doc. 8) is **granted**.
3. This case is remanded to Maricopa County Superior Court.

Dated this 2nd day of August, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge